UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NESTOR DIAZ,

    Plaintiff,

vs.

MY TRADE, LLC, a Florida limited liability company, and MOHAMED HADJ-MERABET, an individual,

    Defendants.
_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff NESTOR DIAZ ("Plaintiff" or "Diaz"), who was an employee of Defendants MY TRADE, LLC, a Florida limited liability company, and MOHAMED HADJ-MERABET, an individual, (together, "Defendants"), and files this Complaint for unpaid minimum wages, liquidated damages, retaliation, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*.

### I. **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' valet operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II. PARTIES

3. Plaintiff NESTOR DIAZ ("Plaintiff" or "Diaz") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant MY TRADE, LLC ("My Trade") is a Florida limited liability company that owns and operates the Feruci Patio Furniture facility that employed Plaintiff, located at 2770 NW 24th Street, Miami, Miami-Dade County, Florida.

5. Defendant MOHAMED HADJ-MERABET ("Hadj-Merabet"), an individual and *sui juris*, is a manager and owner of My Trade. Hadj-Merabet acted directly and indirectly in the interest of My Trade and had the power to direct employees' actions. Hadj-Merabet had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over company policy relating to employee wages and whether to compensate (or not to compensate) employees at My Trade in accordance with the FLSA, making Defendant Hadj-Merabet an employer pursuant to 29 USC § 203(d).

## III. COVERAGE

6. During the all material times, Defendant MY TRADE, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During the all material times, Defendant My Trade was an employer as defined by 29 U.S.C. § 203(d).

8. During the all material times, Defendant Hadj-Merabet was an employer as defined by 29 U.S.C. § 203(d).

9. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV. FACTUAL ALLEGATIONS

10. Defendants own and operate the patio furniture warehouse at which Diaz was employed, in Miami-Dade County, Florida.

11. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, liquidated damages, retaliation, future wages, and other relief.

12. Diaz was a non-exempt hourly employee who worked for Defendants as a warehouse employee during the period from March 1, 2017 to April 7, 2017, approximately.

13. Diaz was paid only one paycheck during his employment with Defendants.

14. After he was presented with his initial paycheck, Diaz formally complained to My Trade that the Defendants did not make the proper deductions and matching contributions on his paycheck, as required by law.

15. Diaz was then fired because of his formal complaint.

16. After he was fired, Defendants would only agree to pay Diaz a portion of his wages due.

17. Defendants' termination of Diaz' employment was retaliation under the Fair Labor Standards Act.

18. Defendants willfully engaged in practices that denied Diaz the applicable minimum wage under the FLSA.

19. Diaz retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

22. By refusing to pay Plaintiff for hours worked, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

23. As a direct and proximate result of refusing to pay Plaintiff for hours suffered or permitted in Defendants' employ, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff NESTOR DIAZ demands judgment in his favor and against Defendants as follows:

    a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

    b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

    c) Award to Plaintiff reasonable attorneys' fees and costs; and

    d) Award such other and further relief as this Court may deem just and proper.

# COUNT II
# RETALIATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 215(a)(3)

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

25. Plaintiff was an employee of Defendants.

26. Plaintiff received his first paycheck from Defendants and formally complained to Defendants that they were not paying him according to the law.

27. Because of Plaintiff's formal complaint, Defendants fired him and refused to pay him all wages due, causing damages from this retaliation.

WHEREFORE, Plaintiff NESTOR DIAZ demands judgment in his favor and against Defendants as follows:

a) Award to Plaintiff for economic damages consisting of future wages lost;

b) Award to Plaintiff for mental anguish and emotional distress caused by Defendants;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 26th day of April, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **April 26, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*